IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TERESA M. FOSSELMAN, | ) |
| Plaintiff, | ) No. 14 cv 2031 EJM |
| vs. | ) ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits and supplemental security income benefits. Briefing concluded November 17, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff claims the Administrative Law Judge's (ALJ) ruling constitutes failure to give proper controlling weight to the medical opinion of the treating psychiatrist. She also claims that the ALJ failed to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so

that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

Plaintiff was born in 1963 and alleges that she became disabled on January 1, 2009. She alleges both physical and mental disabilities, including general anxiety, manic depression, panic attacks, hearing voices, chronic obstructive pulmonary disease, degenerative disc disease and chronic back and knee problems.

Plaintiff claims that the medical opinion of her treating psychiatrist, Ann Rathe, M.D., a psychiatrist at Black Hawk Grundy Mental Health Center, was not given proper weight by the ALJ. In her January 12, 2012, medical opinion, Dr. Rathe opined that plaintiff had extreme mental limitations, (Tr. 576-77), at least moderate restrictions in each of the 20 mental abilities listed on the form, and marked or extreme limitations in 14 of the 20 listed abilities. (Tr. 576-77.)

The ALJ gave little weight to Dr. Rathe's opinion for many reasons, primarily because her opinion was inconsistent with her own treatment notes. (Tr. 20.) In this regard, defendant provides many examples of where Dr. Rathe's opinion is inconsistent with her own treatment notes (agoraphobia, psychosis are bases of opinion but not in treatment notes, at least not consistently.) Plaintiff counters with examples from Dr. Rathe's treatment notes that are consistent with her opinion of disability (some indications of panic disorder, Major depressive

2

Disorder.) There is some evidence in Dr. Rathe's treatment notes consistent with her opinion, and there are substantial areas of her opinion not sufficiently supported by her own treatment notes. Similarly, both sides cite the testimony of Paul Conditt, Psy.D., in support of their argument. Dr. Conditt's opinion supports in part Dr. Rathe's opinion and differs with it in part. On balance, the record is not supportive of Dr. Rathe's opinion.

The ALJ explained his decision to give "little weight" to Dr. Rathe's opinion because "they are inconsistent with the claimant's treatment notes that indicate she does significantly better when taking medication as prescribed and abstaining from drugs." There is substantial support in the record for these holdings, (Tr. 20, 532), including that plaintiff had a panic attack at the hearing, took a pill and was able to resume within two minutes. (Tr. 19.)

The ALJ also questioned the credibility of plaintiff, which was the foundation for much of Dr. Rathe's opinion. Plaintiff testified at her hearing that she ended her treatments at the pain clinic because her back treatments were no longer covered. (Tr. 603-04.) But treatment records show that plaintiff told Dr. Rathe that she was terminated from her pain clinic because she tested positive for drug use. On this basis, and other evidence, the ALJ found the plaintiff to be not credible, particularly as to her mental impairments, which the plaintiff attacks but for which there is sufficient support in the record. Credibility questions concerning

a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003.)

The ALJ also found it significant that no doctor placed working restrictions on her due to her physical impairments, (Tr. 19), and one treating doctor even actively encouraged her to work. (Tr. 511) The Eighth Circuit has previously found this significant. Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999.) On balance, there is enough substantial evidence here inconsistent with Dr. Rathe's opinion, together with the ALJ's discretion in judging credibility, to overcome the usual rule that a treating physician's medical opinion is to be given controlling weight unless inconsistent with other substantial evidence in the record, Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998); 20 C.F.R. §§404.1527(d)(2), or based on the patient's subjective allegations which the trier of fact questions, Gates v. Astrue, 627 F.3d 1080, 1082 (8th Cir. 2010); 20 C.F.R.§§404.1527(c)(3.) Given the substantial evidence opposing Dr. Rathe's opinion, and also given the less than substantial but still existing evidence supporting it, and the issues of credibility of plaintiff's subjective mental symptoms, the question of the weight of Dr. Rathe's testimony is within the zone of choice of the ALJ. Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006.)

On this basis, the ALJ asked the vocational expert under various hypothetical situations as to work limitations that incorporated his findings whether plaintiff could find work in the present economy. (Tr. 67-68.) The vocational

expert testified that an individual with these limitations could either (1) perform plaintiff's past work as a housekeeper cleaner per the description in the Dictionary of Occupational Titles, or (2) her past work as a cleaner as she actually performed it, and the vocational expert testified that she could perform both types of work, even with her limitations (Tr. 68-70.)

Based on the record, it is the court's view that the Commissioner's decision that plaintiff is not disabled based on the ALJ's analysis is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

December 18, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT